IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. _____ |
| | ) | 2:25-cv-13705-DCN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| (8) ASSORTED JEWLERY ASSETS | ) | |
| | ) | |
| Defendant *in Rem* | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

UNITED STATES COMPLAINT FOR FORFEITURE *IN REM*

The Plaintiff, United States of America, brings this complaint and alleges as follows, in accordance with Supplemental Rule G(2), Fed.R.Civ.P.

NATURE OF THE ACTION

1.    This is a civil action *in rem* brought to forfeit to the United States the following property: (1) 10K Yellow Gold and Diamond Ring, (1) Ladies Stainless Steel Rolex Watch and Buckle, (1) Gentlemen's 10K Yellow Gold and Diamond Ring , (1) 10K Yellow Gold and Diamond Cuban Link Bracelet with Sleek Lock Style Clasp, (1) 10K Yellow Gold and Diamond Cuban Link Necklace with Slide Style Clasp, (1) 10K Yellow Gold and Diamond Cuban Link Necklace with Slide Style Clasp, (1) Men's 18K Yellow Gold and Stainless Steel Rolex Datejust II, and (1) Rolex Watch Box ("Defendant Jewelry"), pursuant to 21 U.S.C. § 881(a)(6), 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. §

1

981(a)(1)(A).  The United States seeks forfeiture based upon a reasonable belief that the Government will be able to meet its burden of proof at trial to show that the Defendant Jewelry constitutes, or is traceable to:

    a.    property furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act; proceeds traceable to such an exchange; or money used and intended to be used to facilitate a violation of the Controlled Substances Act;

    b.    property involved in money laundering transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and/or § 1956(a)(1)(B)(i) and/or 1957;

    c.    property involved in an illegal money transmitting business, in violation of 18 U.S.C. § 1960; and/or

    d.    proceeds of some other form of specified illegal activity set forth in 18 U.S.C. § 1956.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355.  This Court has *in rem* jurisdiction over the Defendant Jewelry pursuant to:

    a.    28 U.S.C. § 1355(b)(1)(A), because acts or omissions giving rise to the forfeiture occurred in the District of South Carolina; and

    b.    28 U.S.C. § 1355(b)(1)(B), because venue properly lies in this district pursuant to 28 U.S.C. § 1395.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395(b), because the Defendant Jewelry is currently located in this district.

## THE DEFENDANT PROPERTY

4.      The Defendant Jewelry was seized by agents of the Drug Enforcement Administration (DEA), on May 8, 2025, pursuant to a search warrant.

5.      Custody of the Defendant Jewelry was subsequently transferred to the United States Marshals Service (USMS).

6.      In accordance with the provisions of 19 U.S.C. § 1606, the Defendant Jewelry has a total domestic value of approximately $112, 850.00 in United States currency.

## KNOWN POTENTIAL CLAIMANT

8.      The following known to the government may have or claim an interest in the Defendant Jewelry:

a.      Christopher James Small may have an interest in the Defendant Jewelry because he claimed ownership of the Defendant Jewelry and filed an administrative claim with the DEA on September 4, 2025, contesting administrative forfeiture of the Defendant Jewelry.

## FACTS

9.      Pursuant to pleading requirements of Supplemental Rule G(2)(f), Plaintiff alleges that there is a factual basis to support a reasonable belief that the Government will be able to meet its burden of proof at trial to show that the Defendant Jewelry is subject to forfeiture to the United States, based in part upon the following:

(a)    Since August of 2024, law enforcement with DEA Charleston Resident Office (CRO) and local agencies throughout the Charleston Metro area have been investigating a Summerville, South Carolina (SC) based Drug Trafficking Organization (DTO) involving Christopher James Smalls ("Mr. Smalls"). On May 7, 2025, surveillance of Smalls revealed he was located at his residence, 131 Stall Way, Goose Creek, SC. At approximately 5:30 p.m., Smalls departed 131 Stall Way, indicating a southern travel towards Georgia. Based on the investigation to date, investigators suspected that Mr. Smalls was travelling to see an unknown Source of Supply (SOS) to pick-up a quantity of drugs.

(b)    On May 8, 2025, at approximately 1:07 a.m., Mr. Smalls' GMC Yukon Denali (864AGH) was traffic stopped on Interstate 95 northbound at mile marker 10 in Hardeeville, Jasper County, SC. As a result, law enforcement located and seized approximately one kilogram of fentanyl in the vehicle. Mr. Smalls and passenger, identified as Dervick Lamont Parker ("Mr. Parker"), were placed under arrest on state charges for Trafficking Fentanyl and lodged in the Jasper County Detention Center.

(c)    During the investigation, law enforcement with DEA CRO identified Mr. Smalls' residence, 131 Stall Way Goose Creek, SC, which was believed to be Mr. Smalls' location of storing narcotics and illicit gains from said narcotics trafficking. On May 8, 2025, after Mr. Smalls' and Mr. Parker's arrests, Berkeley County Sheriff's Drug Enforcement Unit, Goose Creek Police Department, and DEA CRO went to Smalls' residence at 131 Stall Way Goose Creek to conduct surveillance on the residence, anticipating a lawful search warrant for the residence would be obtained.

(d)    Upon executing the search warrant at 131 Stall Way Goose Creek, law enforcement located the Defendant Jewelry in the primary bedroom of Mr. Smalls living room of the residence within a "Voodoo Shrine" on the table. The Defendant Jewelry was seized by Task Force Officer David Barnette. During the course of the investigation, it was confirmed that Mr. Smalls, Cordearo Smalls (Mr. Smalls' brother), Delashia Renee Frost (Mr. Smalls' girlfriend) and Dervick Lamont Parker (Mr. Smalls' cousin), all resided at 131 Stall Way. None of the residents were present during the execution of the search warrant.

(e)    Delashia Renee Frost was arrested for arrest for Drugs/Trafficking Fentanyl 28grams/more,TraffickingMethamphetamine/Cocaine,Drugs/Manufacturing/Possessing Other Substance Schedule I/II/III With Intent to Distribute and Child Neglect. Frost was taken to Hill-Finklea Detention Center has since been released (released on 5/10/2025) to her home of record. Frost's drug criminal history includes MDP Schedule I, II, III (2018 - 2 counts).

4

Cordearo Smalls was not present, arrested or incarcerated. Cordearo Smalls was negative for a criminal drug history.

Dervick Lamont Parker was arrested for Trafficking Fentanyl and is currently being held at Jasper County Detention Center. Parker's drug criminal history includes charges for Possession of Ice/Crack/Cocaine (2004), Possession of Meth (2006), MDP Crack/Cocaine near School (2008), MDP Schedule I, II, III (2008), and MDP Cocaine (2009).

Christopher Smalls was arrested for Trafficking Fentanyl and is currently being held at Jasper County Detention Center. Smalls'drug criminal history includes charges for MDP Schedule I (2009), Drugs/Possession of Cocaine (2009), MDP Schedule I, II, III, (2009), MDP LSD/Schedule II (2009), Drug/Possession 28g/less Marijuana (2010), MDP Schedule I, II, III (2010), Drugs/Possession of Cocaine (2010), Possession less than 1 gram of Meth/Cocaine (2010), MDP Cocaine (2013), Drug/Possession 28g/less Marijuana (2013), Trafficking Meth/Cocaine (2016), Trafficking Heroin (2016), Drugs/MDP Schedule I, II, III (2016), MDP Methamphetamine (2016), MDP near School (2017), MDP Cocaine (2017), MDP Cocaine (2019), Possession of less than 1 gram Meth/Cocaine (2019), MDP Cocaine (2019), Drug/Possession 28g/less Marijuana (2019), Trafficking Cocaine 100g-200g (2022), Trafficking Meth/Cocaine (2022), MDP Schedule I, II, III (2022), MDP LSD (2022), Trafficking Ice/Crank/Cocaine (2022), Dangerous Drugs (2022), Possession of a Schedule I/ II WITD (2022), Possession (2022), MDP Marijuana (2022), Trafficking MDMA/Ecstasy (2022), Trafficking Meth/Cocaine (2022), and MDP Schedule I, II, III (2023).

10.    Based on the information and allegations set forth herein, there is a factual basis to support a reasonable belief that the Government will be able to meet its burden of proof at trial to show that the Defendant Jewelry constitutes, or is traceable to:

a.    property furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act; proceeds traceable to such an exchange; or money used and intended to be used to facilitate a violation of the Controlled Substances Act;

b.    property involved in money laundering transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and/or § 1956(a)(1)(B)(i) and/or 1957;

5

c.      property involved in an illegal money transmitting business, in violation of 18 U.S.C. § 1960; and/or

d.      proceeds of some other form of specified illegal activity set forth in 18 U.S.C. § 1956.

<u>CONCLUSION</u>

11.      By reason of these premises, and pursuant to 18 U.S.C. § 981(f) and 21 U.S.C. § 881(h), whereby the Plaintiff's right, title, and interest in and to the Defendant Jewelry relates back to the commission of the act giving rise to the forfeiture, the Defendant Jewelry becomes and is forfeited to the United States of America, to be disposed of pursuant to Supplemental Rule G(7)(c), 18 U.S.C. § 981(d), 21 U.S.C. § 881(e), and other applicable laws.

WHEREFORE, Plaintiff prays that due process issue to enforce the forfeiture of the Defendant Jewelry, *in rem*; that a warrant for the arrest of the Defendant Jewelry be issued; that due notice be given to all interested persons to appear, make claim, answer and show cause why the forfeiture should not be decreed; that the Defendant Jewelry be decreed condemned and forfeited to the United States of America for disposition according to law; and that Plaintiff have such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

[SIGNATURE PAGE TO FOLLOW]

Respectfully submitted,

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By:     *s/Carrie Fisher Sherard*
Carrie Fisher Sherard #10134
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
carrie.a.fisher@usdoj.gov
(864) 282-2100

December 3, 2025

7